**SO ORDERED.**

**SIGNED this 25 day of February, 2008.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

IN RE:

BOBBY LEE HORNER,

    DEBTOR.                                         CASE NO. 08-00423-8-JRL

_____

**ORDER**

This case is before the court on a motion by debtor Bobby Lee Horner ("debtor") to extend the automatic stay as to all creditors pursuant to 11 U.S.C. § 362(c)(3)(B). On February 21, 2008, the court conducted a hearing on this matter in Wilmington, North Carolina.

The debtor filed a previous chapter 13 bankruptcy petition ("First Petition") in this court, case number 07-03151-8-JRL, on August 28, 2007. The debtor claims that he mailed four plan payments from September to December 2007. However, the trustee never received these payments, and the checks never cleared the debtor's checking account. On October 5, 2007, the trustee filed a motion to dismiss based on the debtor's failure to attend the debtor education class and 11 U.S.C. § 341 meeting, failure to file a confirmable plan, and failure to make plan payments. The debtor and his counsel claim that they did not respond to the motion to dismiss because they never received notice. On November 13, 2007, the debtor's case was dismissed for failure to make plan payments.

The debtor filed the present chapter 13 petition ("Second Petition") on January 22, 2008, and now seeks an extension of the automatic stay. Cooperative Bank, a secured creditor of the debtor, objects to extension of the automatic stay on the grounds that the debtor's Second Petition is not filed in good faith.

If a debtor files a chapter 13 petition within one year of the dismissal of a prior chapter 13 petition, the automatic stay generally dissolves after thirty days. 11 U.S.C. § 362(c)(3). The stay may be extended beyond thirty days if the debtor demonstrates that the second petition is filed in good faith. Id. § 362(c)(3)(B). It is presumed that the debtor's second petition is not filed in good faith, and the debtor has the burden to overcome this presumption by clear and convincing evidence. Id. § 362(c)(3)(c). Courts have applied a multi-factored "totality of the circumstances" analysis in determining whether a second petition is filed in good faith. See, e.g., In re Havner, 336 B.R. 98, 103 (Bankr. M.D.N.C. 2006). Among the factors considered are: (1) why the previous case was dismissed; (2) the timing of the debtor's petition; (3) the debtor's motive in filing the present case; and (4) whether the trustee or creditors object to the debtor's motion. Id.

Based on the following reasons, the court finds that the debtor has not demonstrated by clear and convincing evidence that his Second Petition is filed in good faith. First, virtually all of the obligations incumbent on the debtor were ignored in the first case. Despite the debtor's claim that he mailed four payments to the trustee, the trustee never received these payments nor did the payments clear the debtor's checking account. It is inconceivable to the court that four mailed payments in the same case were all not received and, therefore, the court is unable to credit that these payments were made. The debtor also failed to respond to the trustee's properly-served motion to dismiss, and he did not comply with the eligibility condition in the first case that he be

2

current in the filing of his tax returns. The debtor never complied with this condition, and he remains noncompliant to this day. Second, both bankruptcy petitions were filed at the last minute in an effort to thwart foreclosure proceedings at which Cooperative Bank had expended substantial expenses. Third, the debtor chose to make a $30,000 gift to his son during this entire time when he could have used at least a portion of this money to pay his property taxes and secured creditors. Finally, no payments have been made in the second case even though the first payment was due over two weeks ago.

For these reasons, the court is not persuaded that the Second Petition is not filed in good faith, and the motion to extend the stay is DENIED.

**"END OF DOCUMENT"**